CHARLES G. SMITH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 466-89
United States Tax Court
T.C. Memo 1989-410; 1989 Tax Ct. Memo LEXIS 408; 57 T.C.M. (CCH) 1220; T.C.M. (RIA) 89410; August 9, 1989
Charles G. Smith, pro se. Jeffry J. Erney, for the respondent. PATE
MEMORANDUM OPINION PATE, Special Trial Judge: This case is before *409 the Court on respondent's Motion To Dismiss For Lack Of Jurisdiction filed February 6, 1989. Petitioner filed an Objection thereto on March 3, 1989. Respondent replied on April 3, 1989, and petitioner filed an additional objection on April 6, 1989. Respondent's motion was set for oral argument in Cleveland, Ohio on April 24, 1989. Petitioner requested a continuance, which we granted. We held the hearing on respondent's motion on April 25, 1989. At that hearing, petitioner requested additional time so that he could hire an attorney. Over respondent's objections, we granted petitioner 30 days in which to hire counsel. Accordingly, we issued an order allowing him to file, on or before May 25, 1989, a Supplemental Objection to respondent's motion. Again, on May 20, 1989, petitioner informally requested more time. More than two months have since passed. To date, no attorney has filed an entry of appearance on petitioner's behalf and no supplemental objection has been filed. Because the time limit we set is long past, we proceed to consider the merits of respondent's motion based on the present record. Respondent determined a deficiency in petitioner's income tax for the *410 year ended December 31, 1985, of $ 3,163.90 and an addition to tax under section 6651(a)(1) of $ 796.22. [1] He sent a notice of deficiency by certified mail on June 12, 1987, to petitioner at 2635 Broadway Street, Apt. #14, Toledo, Ohio, 43609 (hereinafter "Broadway address") which he maintains is petitioner's last known address. Although respondent fails to enlighten us as to specifically when or where he obtained such address, petitioner admitted that he lived at the Broadway address through March 1987. Petitioner filed his petition on January 5, 1989, five hundred and seventy three days after respondent mailed the notice of deficiency. He contends that he could not have filed a timely petition because respondent did not mail the notice of deficiency to his last known address and, therefore, he did not receive it within 90 days of mailing. This Court is a court of limited authority and we may exercise jurisdiction only to the extent Congress expressly provides. *411 Sec. 7442; . It is well settled that both a valid notice of deficiency and a timely filed petition are necessary to maintain an action in this court. Secs. 6212 and 6213; ; , affd. without published opinion ; . Generally, a notice of deficiency is issued when respondent mails it to the taxpayer's last known address by certified or registered mail. Sec. 6212(a) and (b)(1); sec. 301.6212-1(a) and (b), Proced. & Admin. Regs. Generally, the taxpayer must file a petition within 90 days thereafter. Sec. 6213(a). There is no requirement that a taxpayer actually receive the notice of deficiency prior to the expiration of the 90 day filing period. , affd. without published opinion . However, to be valid, the notice of deficiency must be sent to the taxpayer's "last known *412 address." In , we held that: For purposes of determining whether a notice of deficiency has been properly mailed to the taxpayer's last known address, we * * * hold that a taxpayer's last known address is that address which appears on the taxpayer's most recently filed return, unless respondent has been given clear and concise notification of a different address. For these purposes, however, we hold that a taxpayer's "most recently filed return" is that return which has been properly processed by an IRS service center such that the address appearing on such return was available to respondent's agent when that agent prepared to send a notice of deficiency in connection with an examination of a previously filed return. Further, we hold that the address from the more recently filed return is available to the agent issuing a notice of deficiency with respect to a previously filed return, if such address could be obtained by a computer generation of an IRS computer transcript using the taxpayer's TIN * * *. In so holding, we are merely reiterating our position that what is of significance is what respondent knew *413 at the time the statutory notice was issued * * * and attributing to respondent information which respondent knows, or should know, with respect to a taxpayer's last known address, through the use of its computer system. [fn. ref. omitted.] [Emphasis in original.] Respondent has the burden of proving that the notice of deficiency was properly sent by certified or registered mail. ; see , affd. per curiam . In this regard, he submitted a Postal Service Form 3877 showing that the notice of deficiency was sent to petitioner at the Broadway address by certified mail on June 12, 1987. Petitioner maintains that he did not receive the notice of deficiency because he moved from the Broadway address to 3660 Eastgate, Apartment 10, Toledo, Ohio 43614 (hereinafter "Eastgate address") shortly after March of 1987. Moreover, he submitted a copy of a Form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return, which he filed with respondent on April 15, 1987, showing an Eastgate address *414 as his current address. However, in Monge v. Commissioner, 93 T.C. (July 12, 1989), we held that the mere filing of a Form 4868, without more, does not constitute a clear and concise notification of a new address. We suggested therein that had the taxpayer "wanted respondent to use the address shown on * * * Form 4868 * * * as his last known address, it would have been a simple matter for him to have so indicated on the form itself." See also . Absent any type of indication on petitioner's Form 4868, we find that he failed to clearly and concisely notify respondent of the desired change. It follows then that, at the time respondent issued the notice of deficiency, respondent reasonably believed that petitioner still resided at the Broadway address. Consequently, we find that respondent mailed the notice of deficiency by certified mail to petitioner's last known address and that petitioner did not file his petition within the 90 days necessary for our jurisdiction. Accordingly, we must grant respondent's motion. To reflect the foregoing, An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code, as amended and in effect for the year(s) in issue, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure.↩